UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

HELEN B. EGAN                                    CIVIL ACTION

VERSUS                                           NO: 12-1352

HOSPITAL SERVICE DISTRICT                        SECTION: R(1)
NUMBER ONE OF TANGIPAHOA
PARISH, D/B/A/ NORTH OAKS
HEALTH SYSTEM

<u>**ORDER AND REASONS**</u>

Before the Court is defendant's motion for summary judgment.
For the following reasons, the Court GRANTS defendant's motion.


**I. Background**

This is an age discrimination suit by a former employee
against her former employer. Defendant, Hospital Service District
No. 1 of Tangipahoa Parish d/b/a North Oaks Health System
("NOHS"), employed plaintiff, Helen Egan, as a Medical
Transcriptionist from May 30, 1989, until she was allowed to
retire in lieu of being fired on September 20, 2010.[1] Plaintiff
was an at-will employee and defendant did not hire anyone to
replace her after she was terminated.[2]

The parties dispute why plaintiff was terminated. Defendant
asserts that plaintiff was fired because she violated hospital-

---

[1] R. Doc. 1 at 3.

[2] R. Doc. 14-7; R. Doc. 14-8 at 2.

wide policies and related workplace rules prohibiting employees from sharing patients' medical information with anyone - including other employees - who do not have a work-related need to know the information. Defendant asserts that plaintiff learned from medical records she was transcribing that one of her fellow transcriptionists had suffered a miscarriage for a second time, and plaintiff shared that information with at least three other co-workers who did not have any need to know the information.[3] Plaintiff counters that she was fired because of her age.

As proof of defendant's discrimination, plaintiff asserts that age-related comments were made at the time of plaintiff's termination. Specifically, plaintiff refers to an offer made by employees of defendant that, in acknowledgment of her "years of service," plaintiff could "retire" in lieu of being fired.[4] Plaintiff also relies on statements made by her superiors at the time of her termination that they "would not be having a retirement party," nor a plaque honoring her.[5]

Plaintiff asserts claims for age-based discriminatory discharge under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-632, and under the ADEA's state-law counterpart, the Louisiana Discrimination in Employment Act, La.

---

[3] R. Doc. 14-16 at 4.

[4] R. Doc. 19 at 1; R. Doc. 14-5 at 7.

[5] R. Doc. 19 at 1-2; R. Doc. 14-5 at 7.

Rev. Stat. §§ 23:301-314 ("LADEA"). Defendant now moves for
summary judgment.[6]


## II. STANDARD

### A. Summary Judgment Standard

Summary judgment is warranted when "the movant shows that
there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law." Fed. R. Civ.
P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986);
*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
When assessing whether a dispute as to any material fact exists,
the Court considers "all of the evidence in the record but
refrains from making credibility determinations or weighing the
evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.
Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences
are drawn in favor of the nonmoving party, but "unsupported
allegations or affidavits setting forth 'ultimate or conclusory
facts and conclusions of law' are insufficient to either support
or defeat a motion for summary judgment." *Galindo v. Precision
Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting Wright &
Miller, *Fed. Prac. and Proc. Civ.* 2d § 2738 (1983)).

If the dispositive issue is one on which the moving party
will bear the burden of proof at trial, the moving party "must

---

[6] R. Doc. 14.

come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *Id.* at 325; *see also Little*, 37 F.3d at 1075 ("Rule 56 'mandates' the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (quoting *Celotex*, 477 U.S. at 332).

**B. The Age Discrimination in Employment Act ("ADEA")**

The ADEA prohibits an employer from firing an employee "because of such individual's age". 29 U.S.C. § 623(a)(1). To establish an ADEA claim, a plaintiff must "prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177-78 (2009).

In *Gross*, the Court held that a "mixed-motive jury instruction," is never available under the ADEA. *Gross*, 557 U.S. at 169. A mixed-motive jury instruction states that if an employee proves that an adverse employment action was the result of both permissible and impermissible motives, the burden of persuasion shifts to the employer to demonstrate that it would have proceeded with the employment action notwithstanding the improper motive. *Gross*, 557 U.S. at 174 (citations omitted); *see also Smith v. City of Allentown*, 589 F.3d 684, 690-91 (3d Cir. 2009) (discussing the implications of *Gross* on ADEA claims). *Gross* overruled the Fifth Circuit's cases that utilized the mixed-motive analysis for ADEA claims based on direct evidence of age discrimination. *See, e.g.*, *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 250 (5th Cir. 2005) ("Plaintiffs presenting direct evidence of age discrimination may proceed under the 'mixed-motive' analysis set forth in *Price Waterhouse*.").

5

*Gross* also noted: "[T]he Court has not definitely decided whether the evidentiary framework of [*McDonnell Douglass*], utilized in Title VII cases is appropriate in the ADEA context." *Gross*, 557 U.S. at 175-76 n.2. The Fifth Circuit, however, continues to apply the "*McDonnell Douglas*" framework to ADEA claims after *Gross. See, e.g., Holliday v. Commonwealth Brands, Inc.*, No. 12-30278, 2012 WL 3176316, at *3 (5th Cir. Aug. 3, 2012); *Manaway v. Med. Ctr. of Southeast Tex.*, 430 Fed. App'x 317, 378 (5th Cir. 2011); *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922-23 (5th Cir. 2010); Jackson *v. Western Packaging Corp.*, 602 F.3d 374, 378 (5th Cir. 2010) ("[W]e are bound by our circuit precedent applying *McDonnell Douglas* to age discrimination cases").

Under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), a plaintiff must first establish a prima facie case that:

> (1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of the discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age.

*Holliday*, 2012 WL 3176316, at *3 (citation omitted). After the employee establishes a prima facie case, the burden of production shifts to the employer to articulate a "legitimate, nondiscriminatory reason for terminating the plaintiff." *Id.* at *4. If the employer articulates a legitimate, non-discriminatory reason for terminating the employee, the plaintiff must then

rebut the employer's purported explanation by showing that the employee's reason is pretextual. *Moss*, 610 F.3d at 922. Consistent with *Gross*, the burden of persuasion remains with the employee at all times, but the "burden of production and the order of presenting proof" are allocated in accordance with the *McDonnell Douglas* framework. *Jackson*, 602 F.3d at 377-78.

## III. Discussion

### A. Direct Evidence of Discrimination

Plaintiff's opposition to summary judgment advances the erroneous argument that plaintiff has produced direct evidence of discrimination.[7] Plaintiff mischaracterizes the statements made by employees of defendant regarding plaintiff's years of service, her option of retiring in lieu of being fired, and the lack of a retirement party or honorary plaque as direct evidence that plaintiff was fired because of her age. Direct evidence is "evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." *Martin v. Bayland Inc.*, 181 F. App'x 422, 423-24 (5th Cir. 2006); *see also E.E.O.C. v. Texas Instruments, Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996) ("In order for an age-based comment to be probative of an employer's discriminatory intent, it must be direct and unambiguous, allowing a reasonable jury to conclude without any inferences or presumptions that age was an impermissible factor in the decision

---

[7] R. Doc. 19 at 1-4.

7

to terminate the employee."). The Fifth Circuit has repeatedly held that references to retirement, without more, cannot be considered direct evidence of age discrimination. *See Martin*, 181 F. App'x at 423-24 (5th Cir. 2006) (employer's remark - "I think it's time to hang it up and you-for you to retire" - was not considered direct evidence of discrimination because there is no necessary link "between retirement and age"); *Hill v. Dep't of Veterans Affairs*, No. 08-60532, 2009 WL 348767 (5th Cir. Feb. 12, 2009) (remarks from superiors that plaintiff "should just retire" during the meeting at which he was placed on leave were not direct evidence of discrimination).

Plaintiff's reliance on a recent district court decision, *Hawthorne v. Truck Trailer & Equip., Inc.*, No. 11-518, 2013 WL 1664493 at * 7 (S.D. Miss. Apr. 17, 2013), as supporting her direct evidence argument, is misplaced. In *Hawthorne,* the court found an employer's comment that he could not believe the employee had not considered retirement "at his age," made one week before the employee was terminated, constituted direct evidence of discrimination. *Id.* at *3. However, the *Hawthorne* court was clear that without the words "at his age," the statement would not have been considered direct evidence given the Fifth Circuit's decision in *Martin. Id.* at *4. The statements relied on by plaintiff in this case contain no reference to age,

and thus cannot be considered direct evidence of age discrimination.

## B. Circumstantial Evidence of Discrimination

Plaintiff's only remaining avenue to relief is to demonstrate that circumstantial evidence in the record establishes age discrimination. But the circumstantial evidence in the record is insufficient to survive summary judgment because, applying *McDonnell Douglas*, no reasonable juror could find that age was the but-for cause of plaintiff's termination.

### 1. Prima Facie Case

Plaintiff's initial burden is to establish a prima facie case of age discrimination by providing evidence that: (1) she was discharged; (2) she was qualified for the position; (3) she was within the protected class at the time of the discharge; and (4) she was either replaced by someone outside the protected class, replaced by someone younger, or otherwise discharged because of his age. *Holliday*, 2012 WL 3176316, at *3. Apparently relying on her direct evidence argument, plaintiff does not address these elements in her response to defendant's motion for summary judgment.[8] Defendant argues that plaintiff has failed to adduce evidence establishing the first, second, and third elements.[9] The Court need not address the first three elements

---

[8] R. Doc. 19 at 4.

[9] R. Doc. 14-16 at 11.

because plaintiff has clearly not satisfied the fourth element of her prima facie case.

In her complaint, plaintiff alleges that "[d]efendant replaced plaintiff with an employee who is under the age of forty."[10] However, the evidence in the record does not support this allegation. In response to interrogatories, plaintiff identified "Sondi" as the person whom she claimed replaced her.[11] She also stated that she heard from an unnamed colleague before her termination that "Sondi" was training on radiology, and then heard after her retirement that "Sondi was at my desk doing my job on my shift."[12] Defendant identifies "Sondi" as Sondi Warner, a NOHS employee under the age of forty, in its motion for summary judgment.[13] However, Ms. Warner was hired to work at NOHS on January 18, 2010,[14] and she became part of the radiology transcription team in July 2010.[15] Because Ms. Warner was a full-time employee long before plaintiff was terminated on September 20, 2010, plaintiff has not established that she was replaced by someone outside of the protected class.

---

[10] R. Doc. 1 at 3.

[11] R. Doc. 14-8 at 2.

[12] *Id.*

[13] R. Doc. 14-16 at 12.

[14] R. Doc. 14-9.

[15] R. Doc. 14-13 at 2.

10

Plaintiff has likewise failed to show that she was otherwise discharged because of her age. Plaintiff's only evidence of age discrimination are the statements related to retirement that employees of defendant made at her termination meeting. As discussed, mere references to retirement are not evidence of age discrimination. For the foregoing reasons, plaintiff cannot state a prima facie case of age discrimination.

**2. Legitimate, Non-discriminatory Reason**

Even if plaintiff could establish a prima facie case, the defendant has proffered a legitimate, non-discriminatory reason for her termination. Defendant has produced the affidavit of the Human Resources Department investigator who interviewed the plaintiff and several of her coworkers regarding plaintiff's violation of hospital policy and related work rules by sharing private health information with co-workers who lacked a work-related need to know the information.[16] The investigator testifies that, during his interview with plaintiff, she admitted:

> (i) she shared the personal health information of a patient and fellow co-worker with other co-workers who did not have a need to know the information; (ii) that she had been trained on the privacy provisions of the Health Insurance Portability and Accountability Act ("HIPAA") and related workplace rules and hospital policies; and (iii) that she knew that sharing the

---

[16] R. Doc. 14-5.

> information was wrong and in violation of the
> referenced hospital work rules and policies."[17]

The investigator also verified the facts of plaintiff's violation in interviews with the co-workers to whom plaintiff conveyed the confidential information.[18] Defendant has also produced the NOHS Rules of Conduct, Policy No. HR-0010-0140, which provide for suspension or discharge - even on the first offense - for violation of confidentiality concerning employee or patient information.[19]

Although plaintiff disputes that she was fired for violating work policies, she produces no evidence that the defendant's proffered reasons are false. Indeed, plaintiff admits in her response to the motion to dismiss that she reported confidential patient information to supervising co-workers who lacked a work-related need to know the information.[20] Accordingly, even had plaintiff established a prima facie case of age discrimination, summary judgment on plaintiff's ADEA claim would be warranted because plaintiff has not produced any evidence that defendant's purported justification was pretextual.

---

[17] *Id.*

[18] *Id.*

[19] R. Doc. 14-1 at 4-5.

[20] R. Doc. 19 at 5.

### C. LADEA CLAIM

Plaintiff alleges the same set of facts in support of both her ADEA claim and her LADEA claim.[21] Federal and Louisiana courts consider the two statutes to be substantively identical and apply the same legal standards under each. *See, e.g., Deloach v. Delchamps, Inc.,* 897 F.2d 815, 818 (5th Cir. 1990); *LaBove v. Raftery*, 802 So. 2d 566, 573 (La. 2001). Thus, summary judgment is granted on plaintiff's LADEA claim for the same reasons discussed above.


## IV. CONCLUSION

For the foregoing reasons, defendant's motion is GRANTED.



New Orleans, Louisiana, this ___26th___ day of June, 2013.


_____
          SARAH S. VANCE
    UNITED STATES DISTRICT JUDGE



---

[21] R. Doc. 1. at 3-4.